# EXHIBIT A

20-013029-NO FILED IN MY OFFICE WAYNE COUNTY CLERK 10/5/2020 10:52 AM Cathy M. Garrett Cynthia DePaulis

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

DEVARY THOMPSON, Case No: 20- NO

Plaintiff,

vs.

WAL-MART STORES EAST, LP, and
JOHN DOE, a currently unknown individual,

Defendants.

MICHAEL A. CANNER (P72777)
Attorney for Plaintiff(s)
24423 Southfield Road, #200
Southfield, MI 48075
(248) 552-0400/Fax: (248) 281-1737
michaelcanner@gmail.com

COMPLAINT

A previous Complaint was filed in this matter and assigned Case #20-008309-NO and assigned to Judge Muriel Hughes which is no longer pending.

Michael A. Canner-----
Michael A. Canner, Attorney for Plaintiff

NOW COMES the Plaintiff, DEVARY THOMPSON, by and through her attorneys, CANNER LAW, PLLC, and for her Complaint against the Defendants, WAL-MART STORES EAST, LP and JOHN DOE, states as follows:

1. That Plaintiff DEVARY THOMPSON is a resident of the City of Detroit, County of Wayne, State of Michigan.

2. That Defendant Wal-Mart Stores East, LP (herein "Walmart") was conducting business in the City of Dearborn, County of Wayne, State of Michigan at all times relevant hereto.

3. That Defendant JOHN DOE was an employee of Defendant Walmart and is believed to live in Wayne County, Michigan.

4. That the injury giving rise to this Complaint occurred at the Defendant Walmart's store located at 5851 Mercury Drive, Dearborn, Michigan.

5. That the amount in controversy exceeds the sum of Twenty-Five Thousand ($25,000.00) Dollars exclusive of costs, interest and attorneys fees.

**COUNT I ORDINARY NEGLIGENCE**

6. Plaintiff, DEVARY THOMPSON, hereby realleges and incorporate by reference each and every allegation contained in paragraphs 1-5 as though fully set forth herein and alleges against Defendants, as follows:

7. That on or about July 10, 2017, the Plaintiff was an invitee to the Walmart store located at 5851 Mercury Drive, Dearborn, Michigan at about 4:00 p.m.

8. That on or about July 10, 2017, at approximately 4:00 p.m., Plaintiff was entering the Defendant Walmart store at the food entrance when suddenly and without warning, John Doe, an employee of Defendant Walmart, pushed several carts with great force into the Plaintiff's back.

9. That the Plaintiff was in plain view while she was standing at the entrance when Defendant's employee pushed the carts into Plaintiff's back.

10. That Defendant, Walmart, is vicariously liable for the acts of its employee whom was pushing the carts and pushed carts into the Plaintiff's back.

11. Defendant Walmart, vicariously liable through its employees and agents, real or ostensible, owed duties of care to the Plaintiff as a customer and invitee, which duties were breached by the following negligent acts and omissions:

    a. Pushing multiple carts without reasonable care and due caution in a crowded entrance causing harm to Plaintiff;

b. Failing to perform the duties of collecting carts and pushing carts into the Walmart store in a safe manner so as not to endanger or injure the Plaintiff, a customer of Walmart;

c. Failing to train walmart employees in a manner to ensure that their actions can be performed without endangering or injuring the Plaintiff, a customer of Walmart;

d. Failing to provide an adequate work environment so that its employees can perform their duties in a manner which will not endanger or injure the Plaintiff, a customer of Walmart;

e. Failing to warn Plaintiff that Defendant's employee would be pushing carts in the crowded entrance way before Plaintiff was struck by the row of carts;

f. Committing other acts of negligence and/or omissions, not yet known but which will be ascertained during discovery in litigation.

12. That Defendant and its employee was negligent in the above actions and/or lack of precaution and as a direct and proximate result of the negligence of Defendants, Plaintiff sustained serious, grievous and permanent injuries as follows:

a. Injuries to her lower back, groin, right hip, nerves down her legs and other areas of the body resulting in surgery, diagnostic testing, therapy and medication;

b. Pain and suffering, past, present and future;

c. Mental anguish;

d. Embarrassment, fright and shock;

e. Loss of normal, social and recreational activities;

f. Permanent scarring and disfigurement; and

g. Impact on ability to earn income, loss of earning income potential

13. That as a further direct and proximate result of the negligence of the Defendants, the Plaintiff has incurred and will incur in the future extensive medical, surgery, hospital and

WHEREFORE, Plaintiff DEVARY THOMPSON, hereby prays for judgment against Defendants, in whatever amount in excess of Twenty Five Thousand ($25,000.00) Dollars, that the trier of fact finds Plaintiff to be entitled, plus interest, costs and reasonable attorney fees.

**COUNT II RESPONDEAT SUPERIOR**

14. Plaintiff hereby realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 13, as though fully set forth herein.

15. On July 10, 2017, and all relevant times, Defendant Walmart's employee, JOHN DOE, as described as referenced above, who pushed the carts into Plaintiff's back, was an employee of Defendant Walmart and was acting in the course and scope of his employment when the subject incident occurred.

16. As such, Defendant Walmart is responsible for all of the Plaintiff's injuries and damages as alleged under the doctrine of respondeat superior.

WHEREFORE, Plaintiff, DEVARY THOMPSON hereby prays for judgment against Defendants, in whatever amount in excess of Twenty Five Thousand ($25,000.00) Dollars, that the trier of fact finds Plaintiff to be entitled, plus interest, costs and reasonable attorney fees.

Respectfully submitted,

CANNER LAW, PLLC

By: /s/Michael A. Canner

MICHAEL A. CANNER (P72777)
Attorney for Plaintiff
24423 Southfield Road, Suite 200
Southfield, MI 48075
(248) 552-0400/Fax (248) 281-1737
michaelcanner@gmail.com

Dated: October 5, 2020