UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEVARY THOMPSON,

        Plaintiff,

v.

WAL-MART STORES EAST,
LP and JOHN DOE,

        Defendants.
_____/

Case No. 2:21-cv-10168-GCS-JJCG
District Judge George Caram Steeh
Magistrate Judge Jonathan J.C. Grey

**REPORT AND RECOMMENDATION TO GRANT MOTION TO DISMISS
FOR FAILURE TO PROSECUTE AND OBEY A DISCOVERY ORDER**

    **I.    Background**

Devary Thompson originally brought this suit against Wal-Mart Stores East, LP and John Doe in Wayne County Circuit Court for negligence after an employee allegedly pushed carts into Thompson's back. (ECF No. 1-2, PAGEID.17-20.) On January 25, 2021, Wal-Mart removed this matter to this district. (ECF No. 1.) On July 8, 2021, the parties filed a joint discovery plan under Federal Rule of Civil Procedure 26(f)(3). (ECF No. 6.) On the same day, District Judge George Caram Steeh issued a scheduling order setting the discovery cut-off date to January 27, 2022. (ECF No. 7.) On September 27, 2021, Judge Steeh referred all non-

dispositive pretrial matters to the undersigned. (ECF No. 10.) On December 16, 2021, Judge Steeh referred a motion to dismiss to the undersigned. (ECF No. 20.)

On July 2, 2021, Wal-Mart served Thompson with interrogatories and request for production of documents, including executed record authorizations. (ECF No. 8-2.) On August 9, 2021, Wal-Mart emailed counsel for Thompson that failing to respond to discovery requests would result in its counsel filing a motion to compel. (ECF No. 8-4.) On September 9, 2021, after Thompson still failed to respond to Wal-Mart's discovery requests, Wal-Mart moved to compel answers to interrogatories and executed record authorizations. (ECF No. 8.)

On October 18, 2021, the Court granted Wal-Mart's motion to compel as unopposed after Thompson failed to respond to the motion. (ECF No. 14.) The Court then gave Thompson until November 1, 2021 to produce answers to interrogatories and executed record authorizations. *Id*. In addition, the Court gave Wal-Mart time to file a sworn bill of costs for reasonable expenses, including attorney's fees, associated with its preparation of the motion to compel. *Id*. After Wal-Mart filed a bill of costs, supplemental briefing, and an affidavit (ECF Nos. 15, 17), the Court granted the bill of costs, awarding $388.50 to Wal-Mart for preparing the motion to compel. (ECF No. 18.) Thompson did not file objections to the bill of costs, the supplemental briefing, or the affidavit.

On November 15, 2021, Wal-Mart filed a motion to dismiss for failure to prosecute under Rule 41(b) and failure to obey a discovery order under Rule 37(b)(2)(A) after Thompson failed to produce answers to interrogatories and executed record authorizations as ordered by the Court. (ECF No. 16.) Thompson did not respond to the motion to dismiss.

On December 16, 2021, the Court issued an order to show cause why it should not recommend dismissal under Rule 37(b)(2)(A) for failure to obey its order to produce answers to interrogatories and executed record authorizations, or why the Court should not recommend dismissal under Rule 41(b) or Local Rule 41.2 for failure to prosecute or comply with the Court's order. (ECF No. 19.) The Court warned Thompson that failure to comply with the order to show cause would result in a recommendation of dismissal under Rule 37(b)(2)(A), Rule 41(b), or Local Rule 41.2, or all three rules. *Id*. Thompson did not respond to the order to show cause by the January 3, 2022 deadline.

Accordingly, for the reasons set forth below, the undersigned **RECOMMENDS** that Wal-Mart's motion to dismiss (ECF No. 16) be granted **GRANTED** under Rule 41(b), Local Rule 41.2,[1] and Rule 37(b)(2)(A) and that Judge Steeh dismiss with prejudice all claims against Wal-Mart and John Doe. In

---

[1] Although not analyzed by Wal-Mart in its motion to dismiss, the Court will also analyze Local Rule 41.2

3

addition, the undersigned **RECOMMENDS** that Wal-Mart is entitled to reasonable expenses, including attorney's fees, under Rule 37(b)(2)(C) associated with preparing the motion to dismiss. (ECF No. 16.) The undersigned **RECOMMENDS** that Wal-Mart should prepare and file a sworn bill of costs in support thereof. If Thompson objects to the reasonableness of the requested expenses, including attorney's fees, the undersigned **RECOMMENDS** that she should file her objections.

## II. Dismissal under Rule 41(b), Local Rule 41.2, and Rule 37(b)(2)(A)

Rule 41(b) and Local Rule 41.2 allow for dismissal of actions. Rule 41(b) provides that when a "plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Local Rule 41.2 states that the Court may dismiss a case for failure to prosecute when "the parties have taken no action for a reasonable time." E.D. Mich. LR 41.2.

"[D]istrict courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999) (citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991)). Moreover, "a district court can dismiss an action for noncompliance with a local rule only if the

behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Id.* at 992.

Rule 37(b)(2)(A) allows for sanctions when a party does not comply with discovery orders. Fed. R. Civ. P. 37(b)(2)(A). Rule 37(b)(2)(A) sanctions include limiting a disobedient party's proof or testimony, striking pleadings, monetary sanctions, and dismissing the action, among others. *Id.*; *see also Intercept Sec. Corp. v. Code-Alarm, Inc.*, 169 F.R.D. 318, 321 (E.D. Mich. 1996) (stating that "[t]he court has broad discretion to order one or more 'just' sanctions as provided for in Rule 37, and thus, can tailor the imposition of sanctions to the facts of a particular case.") Dismissal for failure "to cooperate in discovery is a sanction of last resort" and should not be imposed unless discovery noncompliance occurred "due to willfulness, bad faith, or fault." *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990) (citations omitted).

The Sixth Circuit is guided by the same four factors when determining a Rule 41(b) motion to dismiss for failure to prosecute or a Rule 37(b)(2)(A) dismissal:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed or defaulted party was warned that failure to cooperate could lead to dismissal or entry of default judgment; and (4) whether less drastic sanctions were imposed or considered before dismissal or default judgment was ordered.

5

*Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999)); *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002)). Even though "no one factor is dispositive, dismissal is appropriate if the record demonstrates delay or contumacious conduct." *Reyes*, 307 F.3d at 458.

### III. Analysis

#### A. Willfulness, bad faith, or fault

First, Thompson has demonstrated sufficient "willfulness, bad faith or fault" to weigh in favor of dismissal. *Schafer*, 529 F.3d at 737; *Reyes*, 307 F.3d at 458. Wal-Mart argues that Thompson has willfully failed to comply with the Court's order to propound answers to interrogatories and executed record authorizations. (ECF No. 16, PAGEID.125.)

Thompson failed to comply with this Court's order granting the motion to compel (ECF No. 14) when she did not produce answers to interrogatories and executed record authorizations by November 1, 2021. Thompson then failed to respond to the order to show cause (ECF No. 19) after being warned about the potential for dismissal under Rule 41(b), Local Rule 41.2, and Rule 37(b)(2)(A). (ECF No. 19.) In failing to comply with these two orders after being warned about the potential for dismissal, Thompson has demonstrated willfulness that weighs in favor of dismissal.

*See Evans v. U.S.,* No. 12-12794, 2013 WL 6729944, at *2 (E.D. Mich. Dec. 19, 2013) (citing *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988)) (stating that "[t]he pre-dismissal warning for failure to comply with [pretrial] orders is pivotal to the determination of willfulness.").

### B. Prejudice to the defendant

Second, Wal-Mart has been prejudiced by Thompson's conduct, which weighs in favor of dismissal. *Schafer*, 529 F.3d at 737; *Reyes*, 307 F.3d at 458. Wal-Mart argues that it is prejudiced by Thompson's willful noncompliance and is unable to prepare its case without the requested discovery. (ECF No. 16, PAGEID.126.)

Wal-Mart removed this case to this district over one year ago, but Thompson has not begun the discovery process after having failed to propound answers to interrogatories and executed record authorizations. *See Castro v. Ataner Corp.*, No. 18-13857, 2019 WL 7020472, at *2 (E.D. Mich. Dec. 20, 2019). Also, Thompson failed to respond to the show cause order (ECF No. 19) regarding her discovery noncompliance. Allowing this case to proceed when all indications point that Thompson refuses to participate in the discovery process would prejudice Wal-Mart.

### C. Previous warning that failure to comply could lead to dismissal

The Court previously warned Thompson that failure to comply could lead to dismissal (ECF No. 19), and the prior warning weighs in favor of dismissal. In its motion for dismissal, Wal-Mart notes this same fact. (ECF No. 16, PAGEID.126.)

Due to Thompson's failure to to respond to discovery requests by November 1, 2021 as ordered by the Court (ECF No. 14), the Court issued a show cause order warning Thompson that failure to comply would result in a recommendation of dismissal under Rule 41(b), Local Rule 41.2, Rule 37(b)(2)(A), or all three rules. (ECF No. 19.) Thompson failed to respond to this order. Thus, Thompson has been sufficiently warned that her failure to cooperate in the discovery process would lead to dismissal.

### D. Less drastic sanctions imposed

Although sanctions less drastic than dismissal have not been imposed, this factor still weighs in favor of dismissal. Wal-Mart argues that no purpose is served in imposing sanctions less drastic than dismissal because there is no indication that Thompson will respond to the Court's orders or Wal-Mart's discovery requests. (ECF No. 16, PAGEID.127.)

Even if the Court does not first impose less drastic sanctions, all possible sanctions have been considered and the Court determines that dismissal is the most appropriate remedy. The Sixth Circuit has "never held that a district court is without power to dismiss a complaint, as the first and only sanction … and is loathe to require the district court to incant a litany of the available lesser sanctions." *Dudley El v. Mich. Dep't of Corr.*, No. 17-2288, 2018 WL 5310761, at *3 (6th Cir. May 23, 2018) (quoting *Schafer*, 529 F.3d at 738) (internal quotations omitted).

On balance, all four factors weigh in favor of dismissal under Rule 41(b), Local Rule 41.2, and Rule 37(b)(2)(A).

### E. Payment of expenses under Rule 37(b)(2)(C)

Wal-Mart requests costs and attorney's fees but does not cite to authority for this request. (ECF No. 16, PAGEID.120.) Rule 37(b)(2)(C) requires that "[i]nstead of or in addition to the orders above, the court *must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure" to obey discovery orders, "unless the failure was substantially justified, or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C) (emphasis added); *see also Smith v. Guidant Global, Inc.*, No. 19-cv-12318, 2021 WL 57111099, at *4 (E.D. Mich. Dec. 2, 2021) (stating

9

that "[b]ecause [the defendant] has disobeyed a discovery order, the Court must order Defendants to pay reasonable expenses caused by the failure.").

The undersigned does not find that Thompson's failure to obey discovery orders was substantially justified and there is no indication that an award of expenses would be unjust. The Court has already granted Wal-Mart's bill of costs, ordering Thompson to pay the expenses associated with preparing the motion to compel after she failed to propound answers to interrogatories and executed record authorizations. (ECF No. 18.[2]) Thus, the Court recommends that under Rule 37(b)(2)(C), Wal-Mart is entitled to reasonable expenses, including attorney's fees, in preparing the motion to dismiss (ECF No. 16). The undersigned recommends that Judge Steeh order Wal-Mart to prepare and file a sworn bill of costs, including reasonable expenses and fees, incurred in preparing the motion to dismiss (ECF No. 16). *See Smith*, 2021 WL 5711099, at *4 (ordering party to prepare a bill of costs of reasonable expenses associated with the disobedient party's failure to produce discovery). If Thompson objects to the reasonableness of the requested expenses, including attorney's fees, the undersigned recommends that she should file her objections.

### IV. Conclusion

---

[2] The Court is unaware from the record whether Thompson paid these expenses and fees.

For the reasons set forth above, the undersigned **RECOMMENDS** that Judge Steeh **GRANT** Wal-Mart's motion to dismiss (ECF No. 16) under Rule 41(b), Local Rule 41.2, and Rule 37(b)(2)(A) and **DISMISS WITH PREJUDICE** this action against Wal-Mart and John Doe.

In addition, the undersigned **RECOMMENDS** that Wal-Mart is entitled to reasonable expenses, including attorney's fees, under Rule 37(b)(2)(C) associated with preparing the motion to dismiss. (ECF No. 16.) The undersigned also **RECOMMENDS** that Wal-Mart should prepare a sworn bill of costs in support thereof. In addition, if Thompson objects to the reasonableness of the requested expenses, including attorney's fees, the undersigned **RECOMMENDS** that she should file her objections.

Dated: February 18, 2022      s/**Jonathan J.C. Grey**
                                                  Jonathan J.C. Grey
                                                  United States Magistrate Judge

**Notice to the Parties About Objections**

Within 14 days of being served with a copy of this Report and Recommendation, any party may object to and seek review of the proposed findings and recommendations set forth above. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). If a party fails to timely file specific objections, any further right of appeal is waived. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991). Only specific objections to this Report and Recommendation are preserved for appeal; all other objections are waived. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). Each objection must be labeled as "Objection No. 1," "Objection No. 2," etc. Each objection must specify precisely the provision of this Report and Recommendation to which it pertains. In accordance with Local Rule 72.1(d), copies of objections must be served on this Magistrate Judge.

A party may respond to another party's objections within 14 days after service of any objections. Fed. R. Civ. P. 72(b)(2). Any such response should be concise and address each issue raised in the objections in the same order and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.